In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the* )
*person by name and address)* ) Case No.   19-sw-05294-MEH
**Apple I-Phone, Model A1784, FCC ID: BCG-** )
**E3092A1C:579C-E3092A,** currently stored in the Alcohol, )
Tobacco, Firearms and Explosives (ATF) Field Office and )
more fully described in Attachment A, attached hereto. )
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___March 28, 2019___ *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Michael E. Hegarty_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **03/14/2019, 1:31 pm**              _____Michael E. Hegarty_____
                                                                                          *Judge's signature*

| 788010-19-0024 | 3/15/19 | 0900 HRS | CASE FILE |

Inventory made in the presence of:

SA MARK SONNENDECKER

Inventory of the property taken and name of any person(s) seized:

— INTERNAL CELL PHONE MEMORY COPIED TO 256 GB MEDIA STORAGE DEVICE

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*10:44 am, Oct 07, 2019*
**JEFFREY P. COLWELL, CLERK**

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/23/19

*Douglas Pearson  #6157*
*Executing officer's signature*

Douglas Pearson, Task Force Officer
*Printed name and title*

## DESCRIPTION OF LOCATION TO BE SEARCHED

**Apple I-Phone, Model A1784, FCC ID: BCG-E3092A1C:579C-E3092A,** (hereinafter, in the attached Affidavit, and in Attachment B, the "Device") currently held at the Denver Field Office of the Alcohol, Tobacco, Firearms and Explosives (ATF), located at 950 17th Street, Suite 1800, Denver Colorado 80202

For the Device listed and described in Attachment A, the following items, that constitute evidence of the commission of, of violations of **18 U.S.C. § 924(a)(1)(A), 18 U.S.C. § 922(a)(6), 18 U.S.C. § 922(a)(1)(A), as well as conspiracy to commit those crimes in violation of 18 U.S.C. § 371** (hereinafter and in the attached Affidavit and Attachment A, the "Subject Offenses" or the "Subject Crimes"):

1. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of Subject Offenses:

2. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device or by other means for the purpose of committing violations of Subject Offenses.

3. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of Subject Offenses.

4. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of Subject Offenses.

5. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of Subject Offenses or that show who used, owned, possessed, or controlled the Device.

6. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device, or that aid in the identification of persons involved in violations of Subject Offenses.

7. Credit card information, bills, and payment records pertaining to violations of Subject Offenses.

8. Content of communications sent to or received from jorgepena36@gmail.com regarding the Subject Offenses.

9. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Subject Offenses.

10. Evidence of who used, owned, or controlled the Device to commit or facilitate the commission of the Subject Crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

evidence of the lack of such malicious software.

12. Evidence of the attachment to the Device of other storage devices or similar containers for electronic evidence.

13. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device.

14. Evidence of how and when the Device were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

15. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device.

16. Passwords, encryption keys, and other access devices that may be necessary to access the Device.

17. Contextual information necessary to understand the evidence described in this attachment.

## DEFINITIONS:

18. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).